UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL A. GLADDING,

                              Plaintiff,

                                                                1:25-CV-1702
        v.                                                    (BKS/DJS)

RACHEL ROUNDS, *et al.*,

                              Defendants.
_____

**APPEARANCES:**

MICHAEL A. GLADDING
Plaintiff, *Pro Se*
Clifton Park, New York 12065

HON. LETITIA JAMES                       SHAWN C. GRAHAM, ESQ.
New York State Attorney General      Assistant Attorney General
Attorney for Defendants
300 South State Street – Suite 300
Syracuse, New York 13202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That application has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Factual Background

The Complaint is brought pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl., ¶ 1. Plaintiff names three Defendants, the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as a Parole Officer and Senior Officer employed by the agency. *Id.* at ¶¶ 5-6; Dkt. No. 1-1 ¶ 8.[2] In August 2022, Plaintiff was sentenced to a term of imprisonment of two to six years following his conviction on a

---

[2] Plaintiff has filed two documents identified as his Complaint. Dkt. Nos. 1 & 1-1. For purposes of this Report and Recommendation, the Court has considered both documents. Plaintiff is advised that, should he be permitted to file any further pleadings under FED. R. CIV. P. 8, the Complaint should be a single document.

charge of promoting a sexual performance by a minor. Dkt. No. 1-3 at pp. 2-3 & 5. Plaintiff was subsequently released to parole supervision in August 2024. Dkt. No. 1-5. Plaintiff alleges that, as part of his release conditions, numerous special conditions were imposed upon him, including, but not limited to, restrictions on use of the internet and social media, access to email accounts, and the possession of electronic devices. Dkt. No. 1-1 ¶¶ 2 & 14. Plaintiff alleges that these conditions were not imposed by the judge that sentenced him in state court. *Id.* at ¶¶ 12 & 15. As a result, he alleges that his due process rights have been violated. *Id.* at ¶¶ 22-25; *see also* Compl. at p. 2.

## II. DISCUSSION

*1. Eleventh Amendment Immunity*

The section 1983 claim against DOCCS is subject to dismissal on Eleventh Amendment immunity grounds. The Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). As a state agency, DOCCS is covered by that immunity. *Salvana v. New York State Dep't of Corr. & Cmty. Supervision*, 621 F. Supp. 3d 287, 300 (N.D.N.Y. 2022). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment

immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 F. App'x. 191, 192 (2d Cir. 2010) (internal citations omitted).

Accordingly, Plaintiff's claims against DOCCS under section 1983 should be dismissed without prejudice. *Kelsey v. Kessel*, 2025 WL 1324213, at *3 (2d Cir. May 7, 2025).

*2. Merits of Plaintiff's Claims*

The Complaint alleges that the special conditions to which Plaintiff objects were imposed by the individual Defendants pursuant to 9 N.Y.C.R.R. § 8003.3. Dkt. No. 1-1 ¶ 16. That section provides:

> A special condition may be imposed upon a releasee either prior or subsequent to release. The releasee shall be provided with a written copy of each special condition imposed. Each special condition may be imposed by a member or members of the Board of Parole, an authorized representative of the Division of Parole, or a parole officer.

9 N.Y.C.R.R. § 8003.3.

The Complaint alleges that the imposition of the conditions in this manner violated Plaintiff's due process rights. *See* Dkt. No. 1-1 ¶¶ 24-25. In the context of a due process claim, the Court must undertake "a two-pronged inquiry: (1) whether the plaintiff had a protected liberty interest . . . and, if so, (2) whether the deprivation of that liberty interest

occurred without due process of law." *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir.1996) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989)).

The Second Circuit has recognized that "parole officers are statutorily authorized to impose special conditions" under section 8003.3. *Peoples v. Leon*, 63 F.4th 132, 144 (2d Cir. 2023). "Because the imposition of special conditions is left to the discretion of the Board of Parole and parole officers, plaintiff does not have a protected liberty interest in being free from special conditions." *Burdick v. Town of Schroeppel*, 2017 WL 5509355, at *36 (N.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, 2017 WL 1284864 (N.D.N.Y. Apr. 6, 2017), *aff'd*, 717 F. App'x 92 (2d Cir. 2018); *see also Maldonado v. Fischer*, 2012 WL 4461647, at *4 (W.D.N.Y. Sept. 24, 2012) ("[C]ourts have also consistently held that a parolee has no constitutionally protected interest in being free from special conditions of release.") (citing cases).[3]

Even were the Court to assume the existence of a liberty interest here, Plaintiff has not alleged that this interest was deprived without due process.

> It is well established that, with regard to claims based on "random, unauthorized acts by state employees," "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy."

---

[3] Courts have recognized that "parolees have some liberty interest in being free from certain special conditions of parole." *Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 246 (S.D.N.Y. 2022) (citing cases). "Therefore, as a parolee, Plaintiff has a limited due process right that entitles him to conditions of parole that are reasonably related to his prior conduct or to the government's interest in his rehabilitation." *Singleton v. Doe*, 210 F. Supp. 3d 359, 374 (E.D.N.Y. 2016). However, the Court does not read Plaintiff to allege here that the special conditions to which he objects were inappropriate for some factual or offense-related reason, but that they are void *ab initio* based on the manner in which they were imposed. *See* Dkt. No. 1-1 ¶¶ 2-3.

*Eldars v. State Univ. of New York at Albany*, 2020 WL 2542957, at *6 (N.D.N.Y. May 19, 2020) (quoting *Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)). With respect to the form of post-deprivation remedy, courts have repeatedly recognized that "the mere availability of an Article 78 proceeding is sufficient." *Eldars v. State Univ. of New York at Albany*, 2020 WL 2542957, at *6 (citing cases); *see also King v. New York City Emps. Ret. Sys.*, 212 F. Supp. 3d 371, 400 (E.D.N.Y. 2016). Under New York Law, an Article 78 proceeding is clearly available to an individual seeking to challenge the imposition of special conditions. *See, e.g.*, *Maldonado v. New York State Div. of Parole*, 87 A.D.3d 1231 (3d Dep't 2011); *People ex rel. DeFlumer v. Strack*, 212 A.D.2d 555 (2d Dep't 1995) (challenge to special conditions "would be best reviewed in a proceeding pursuant to CPLR article 78, to determine whether . . . the conditions . . . were not made in accordance with the law"). Though the record on this question is not clear, it appears that Plaintiff did in fact pursue this remedy. *See* Dkt. Nos. 1-6 & 1-7. Given the availability of that remedy, Plaintiff cannot demonstrate the denial of due process.

For these reasons, the Court recommends that Plaintiff's due process claim be dismissed.

*3. Leave to Amend*

"Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).  To the extent that Plaintiff may be able to cure pleading deficiencies identified here or to reallege his claims in light of this analysis, it may be appropriate to permit Plaintiff to amend his Complaint as to the individual Defendants.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: January 12, 2026
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge