UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL A. GLADDING,

                              Plaintiff,                  1:25-cv-1702 (BKS/DJS)

v.

RACHEL ROUNDS, Parole Officer, PAMELA
VAMBURGH, Senior Parole Officer, JOHN/JANE DOE,
Regional Director, NYS DOCCS, and NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Michael A. Gladding
Clifton Park, NY 12065

*For Defendants:*
Letitia James
Attorney General for the State of New York
Shawn C. Graham
Assistant Attorney General, of Counsel
300 S. State Street, Ste. 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff Michael A. Gladding brought this action under 42 U.S.C. § 1983, alleging that

Defendants violated his due process rights by imposing conditions of his parole that were not

1

imposed by a sentencing judge. (Dkt. Nos. 1, 1-1).[1] Plaintiff, who was convicted of promoting a sexual performance by a minor, challenges parole conditions, including internet restrictions, device-search requirements, password and identifier disclosure mandates and social-media prohibitions. (*See* Dkt. Nos. 1-1, 1-3, 1-4). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Daniel J. Stewart for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On January 12, 2026, Magistrate Judge Stewart granted Plaintiff's application to proceed IFP, (Dkt. No. 30), and issued a Report-Recommendation recommending that the Complaint be dismissed with leave to amend. (Dkt. No. 31). On January 13, 2026, Plaintiff filed timely objections to the Report-Recommendation. (Dkt. No. 37). For the reasons that follow, the Report-Recommendation is adopted in its entirety.[2]

## II. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the

---

[1] As Magistrate Judge Stewart observed, Plaintiff filed two documents identified as his Complaint. (*See* Dkt. No. 31, at 3 n.2). In light of Plaintiff's pro se status, and like Magistrate Judge Stewart, the Court has considered both documents in reviewing the Report-Recommendation and Plaintiff's objections thereto.

[2] On February 4, 2026, Plaintiff filed both a notice of appeal and an emergency petition for writ of mandamus. (Dkt. Nos. 52, 53). The notice of appeal, which argues that this Court's "inaction in the face of a date-certain threat to liberty has the practical effect of refusing an injunction," is more appropriately characterized as a petition for writ of mandamus to the Second Circuit. (*See* Dkt. No. 52, at 1). In any event, this Court has jurisdiction to consider the Report-Recommendation despite the notice of appeal, because the Report-Recommendation was not a final order or judgment and the notice of appeal was clearly premature. *See Demuth v. Cutting*, No. 18-cv-795, 2020 WL 918739, at *1 n.1, 2020 U.S. Dist. LEXIS 32588, at *1 n.1 (N.D.N.Y. Feb. 26, 2020) (citing *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996), and *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990)). The Court also assumes, for the purposes of this decision, that Plaintiff's petition for writ of mandamus does not divest this Court of jurisdiction. *See Justice v. King*, No. 08-cv-6417, 2009 WL 3644242, at *2, 2009 U.S. Dist. LEXIS 99993, at *6 (W.D.N.Y. Oct. 27, 2009) (noting that "the law does not clearly indicate that jurisdiction over the underlying action [ ] shifts exclusively to the appellate court" where plaintiff filed petition for writ of mandamus with Second Circuit rather than notice of appeal).

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report[-]Recommendation must be specific and clearly aimed at particular findings in the magistrate [judge]'s proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III.  DISCUSSION

In reviewing the Report-Recommendation, the Court accepts as true the Complaint's well-pleaded factual allegations to determine whether Plaintiff has "state[d] a claim to relief that is plausible on its face." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam). The Court has reviewed Plaintiff's specific objections de novo.

### A.  Report-Recommendation

In recommending dismissal of Plaintiff's due process claim, Magistrate Judge Stewart first noted that the New York Department of Corrections and Community Supervision ("DOCCS") is immune to suit in federal court under the Eleventh Amendment. (Dkt. No. 31, at 4-5). Turning to the merits of Plaintiff's claims, Magistrate Judge Stewart found that Plaintiff's due process claim must fail. (*Id.* at 5-7). Magistrate Judge Stewart noted that, "[i]n the context of a due process claim, the Court must undertake 'a two pronged inquiry: (1) whether the plaintiff

had a protected liberty interest . . . and, if so, (2) whether the deprivation of that liberty interest occurred without due process of law.'" (Dkt. No. 31, at 5-6 (quoting *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996))). With respect to the first prong, Magistrate Judge Stewart found that Plaintiff had not alleged a protected liberty interest, because parolees do not have a constitutionally protected interest in being free from special conditions of release. (*Id.* at 6 (citing *Burdick v. Town of Schroeppel*, 2017 WL 5509355, at *36, 2017 U.S. Dist. LEXIS 13859 (N.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, 2017 WL 1284864, 2017 U.S. Dist. LEXIS 52664 (N.D.N.Y. Apr. 6, 2017), *aff'd*, 717 F. App'x 92 (2d Cir. 2018))).[3] As to the second prong of the inquiry, Magistrate Judge Stewart found that, even assuming the existence of a liberty interest, Plaintiff had not alleged that this interest was deprived without due process. (*Id.* at 5-7). Magistrate Judge Stewart noted that Plaintiff could (and apparently did) pursue an Article 78 proceeding, and "the mere availability of an Article 78 proceeding" is a meaningful postdeprivation remedy. (*Id.* at 6-7 (quoting *Eldars v. State Univ. of New York at Albany*, 2020 WL 2542957, at *6, 2020 U.S. Dist. LEXIS 87697, at *15 (N.D.N.Y. May 19, 2020))).

    B.    **Objections to the Report-Recommendation**

        1.    **Eleventh Amendment**

Plaintiff objects to Magistrate Judge Stewart's recommendation that his claims against DOCCS be dismissed on Eleventh Amendment grounds. Plaintiff notes that, "[w]hile sovereign immunity is jurisdictional, dismissal is premature because [t]he *Ex parte Young* exception may apply." (Dkt. No. 37, at 6).[4]

---

[3] While the Report-Recommendation purports to quote *Burdick*, it appears (at the time of writing) that a formatting error on Westlaw causes the decision in *Pena v. Travis*, No. 01-cv-8534, 2002 WL 31886175, at *13, 2002 U.S. Dist. LEXIS 24709, at *37 (S.D.N.Y. Dec. 27, 2002), to embed on the same page as the *Burdick* decision, (*See* Dkt. No. 31, at 6 (quoting *Burdick*, 2017 WL 5509355, at *36). *Burdick* does not actually contain the quoted text in the Report-Recommendation.

[4] Plaintiff does not object to the Report-Recommendation insofar as it recommends dismissal of Plaintiff's claims for damages. The Court agrees that any claim for damages against DOCCS—or against the DOCCS officials in their

The Eleventh Amendment generally prohibits lawsuits against a state without that state's consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). This prohibition extends to individuals sued for damages in their capacities as state officials. *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). However, under the Supreme Court's decision in *Ex parte Young*, "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that [the] complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

"[I]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Doe v. Annucci*, No. 14-cv-2953, 2015 WL 4393012, at *15, 2015 U.S. Dist. LEXIS 91861, at *37 (S.D.N.Y. July 15, 2015) (quoting *Virginia Office for Prot. & Advoc. v. Stewart,* 563 U.S. 247, 255 (2011)). However, "[b]ecause *Ex parte Young* recognizes a federal court's authority to grant injunctive relief only in order to 'vindicate the federal interest in assuring the supremacy' of federal law by 'end[ing] a continuing violation' of that law, a complaint must allege that the defendant's violation of law is continuing or ongoing." *Safe Haven Home Care, Inc. v. United States Dep't of Health & Hum. Servs.*, 681 F. Supp. 3d 195, 208

---

official capacity—must be dismissed. *See Brown v. New York*, No. 17-cv-1036, 2018 WL 3130593, at *3, 2018 U.S. Dist. LEXIS 106347, at *6 (N.D.N.Y. June 26, 2018) ("It is well settled that 'DOCCS is an arm of the state' and entitled to sovereign immunity as if it were the State of New York." ) (quoting *Johnson v. New York*, No. 10-cv-9532, 2012 WL 335683, *1, 2012 U.S. Dist. LEXIS 12105, at *2 (S.D.N.Y. Feb. 1, 2012)); *Marshall v. Lilley*, No. 19-cv-11829, 2020 WL 905989, at *6, 2020 U.S. Dist. LEXIS 32007, at *15 (S.D.N.Y. Feb. 21, 2020) ("[T]he Eleventh Amendment bars any official-capacity claim for damages under § 1983 against these defendants, who are all DOCCS employees and thus state agents.").

(S.D.N.Y. 2023), (internal citations and quotations omitted) *aff'd*, 130 F.4th 305 (2d Cir. 2025). Further, "such claims cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities." *Olivo v. New York State Dep't of Corr. & Cmty. Supervision*, No. 17-cv-0357, 2017 WL 2656199, at *3, 2017 U.S. Dist. LEXIS 94384, at *8 (N.D.N.Y. June 20, 2017) (citing *Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991)).

In his Complaint, Plaintiff seeks an injunction "prohibiting DOCCS and its officers from enforcing any condition not imposed by the sentencing court[.]" (Dkt. No. 1-1, at 5). Because such claims cannot be brought directly against DOCCS itself, the Court agrees with Magistrate Judge Stewart that all claims against DOCCS are properly dismissed without prejudice as barred by the doctrine of sovereign immunity. *See Olivo*, 2017 WL 2656199, at *3, 2017 U.S. Dist. LEXIS 94384, at *8 (dismissing claims for prospective relief against New York State Department of Corrections and Community Supervision).

The Complaint does not clearly identify whether the individual Defendants are sued in their official capacity. (*Compare* Dkt. No. 1, at 1 ("All Defendants are sued in their individual (personal) capacities.") *with* Dkt. No. 1-1, at 2 (identifying Defendants Rounds and Vamburgh as "sued in [their] individual and official capacities")). However, even if Plaintiff sought to proceed against the DOCCS officials in their official capacities, the *Ex parte Young* exception does not apply because Plaintiff has failed to allege an underlying constitutional violation, as set forth below. *See Nelson v. Sullivan*, No. 23-cv-878, 2025 WL 2494272, at *10, 2025 U.S. Dist. LEXIS 168775, at *28 (D. Conn. Aug. 29, 2025) (holding, on summary judgment, that in light of the court's conclusion that there was no underlying constitutional violation, the court could not find that there was "an *ongoing* constitutional violation" that entitled the plaintiff to injunctive relief).

6

### 2. Failure to State a Claim

In Plaintiff's first and fourth objections, Plaintiff contends that Magistrate Judge Stewart "misidentified the protected liberty interest" and "ignores controlling Second Circuit authority." (Dkt. No. 37, at 1, 6). Plaintiff argues that the cases cited in the Report-Recommendation "correctly hold that parolees have no protected liberty interest in being *free from supervision conditions*." (*Id.* at 1-2). However, Plaintiff asserts that his claim "is fundamentally different[,]" because Plaintiff "challenges conditions whose violation subjects him to arrest, detention, and reincarceration[.]" (*Id.* at 2). In support of this proposition, Plaintiff cites three cases pertaining to sentencing and post-release supervision.(*Id.* at 2, 6 (citing *Hill v. U.S. ex rel Wampler*, 298 U.S. 460, 464 (1936); *Earley v. Murray*, 451 F.3d 71, 74-75 (2d Cir. 2006); *Betances v. Fischer*, 837 F.3d 162, 169-70 (2d Cir. 2016). Plaintiff objects to the Report-Recommendation because it "does not cite, analyze, or distinguish" *Earley* or *Betances*. (Dkt. No. 37, at 6).

"Parolees are not entitled to the same level of absolute liberty afforded other citizens. Instead, their liberty rights are 'properly dependent on observance of special parole restrictions.'" *Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 245 (S.D.N.Y. 2022) (quoting *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 319 (N.D.N.Y. 2009)); *see also Singleton v. Doe*, 210 F. Supp. 3d 359, 372 (E.D.N.Y. 2016) (collecting cases). "Under N.Y. Comp. Codes R. & Regs., tit. 9, § 8003.3, parolees may be subject to special conditions – the imposition of which is left to the discretion of the New York State Board of Parole and parole officers." *Rodriguez*, 623 F. Supp. 3d at 246. "Because the imposition of special conditions is left to the discretion of the Board of Parole and parole officers, [a] plaintiff does not have a protected liberty interest in being free from special conditions." *Pena*, 2002 WL 31886175, at *13, 2002 U.S. Dist. LEXIS 24709, at

\*37; *Maldonado v. Fischer,* No. 11-cv-1091, 2012 WL 4461647, at \*4, 2012 U.S. Dist. LEXIS 137634, at \*11-13 (W.D.N.Y. Sept. 24, 2012) (collecting cases).[5]

Here, the cases Plaintiff cites contain no support for Plaintiff's distinction between "non-custodial supervisory conditions" and "custody-triggering conditions." (*See* Dkt. No. 37, at 1-2). These cases stand for the proposition that DOCCS cannot add a term of post-release supervision to a defendant's sentence where one has not been imposed by the sentencing judge. *See Hill v. U.S. ex rel Wampler*, 298 U.S. 460, 464-65 (1936) ("The only sentence known to the law is the sentence or judgment entered upon the records of the court . . . The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence."); *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty."); *Betances v. Fischer*, 837 F.3d 162, 171 (2d Cir. 2016) (noting that *Earley* "clearly established that where the [sentencing] court has not included [post-release supervision] in a defendant's sentence, DOCS may not add that term without violating federal law").

Plaintiff misses a critical distinction between these cases and his own: *Hill*, *Earley*, and *Betances* pertain to post-release supervision, which "commences when a defendant's prison term expires[.]" *Newman v. Annucci*, No. 17-cv-0918, 2018 WL 4554494, at \*3 n.2, 2018 U.S. Dist. LEXIS 161387, at \*6 n.2 (N.D.N.Y. Sept. 21, 2018) (citing N.Y. Penal Law § 70.45). In August of 2024, Plaintiff was released on *parole*, (*see* Dkt. No. 1-5, at 1)—which, unlike post-release supervision, "is discretionary release before the expiration of a prison term[,]" *see Newman*,

---

[5] As Magistrate Judge Stewart correctly observed, "[c]ourts have recognized that 'parolees have some liberty interest in being free from *certain* special conditions of parole.'" (Dkt. No. 31, at 6 n.3 (quoting *Rodriguez*, 623 F. Supp. 3d at 246)). This means that parolees have a "limited due process right" that entitles them to "conditions of parole that are reasonably related to [their] prior conduct or to the government's interest in [their] rehabilitation[.]'" (*Id.* (quoting *Singleton*, 210 F. Supp. 3d at 374)). Here, as Magistrate Judge Stewart noted, Plaintiff does not allege that the special conditions of his parole were inappropriate "for some factual or offense-related reason," but rather that they "are void ab initio based on the manner in which they were imposed." (*Id.*).

2018 WL 4554494, at *3 n.2, 2018 U.S. Dist. LEXIS 161387, at *6 n.2. As a parolee, Plaintiff has no protected liberty interest in being free from special conditions of his parole. *See Pena*, 2002 WL 31886175, at *13, 2002 U.S. Dist. LEXIS 24709, at *37. Accordingly, the Court agrees with Magistrate Judge Stewart that Plaintiff has failed to allege a protected liberty interest. (*See* Dkt. No. 31, at 6-7).[6]

The Court has reviewed Plaintiff's other objections and found them to be without merit. The Court has also reviewed the remainder of the report-recommendation for clear error, and found none.

C.     **Plaintiff's Remaining Motions**

In addition to the Complaint, Plaintiff has filed several emergency motions seeking injunctive relief. (*See* Dkt. Nos. 3, 4, 5, 9, 19). Because the Court dismisses the underlying Complaint for the reasons set forth above, Plaintiff's motions for injunctive relief are denied as moot.[7] Plaintiff's motion to amend the caption to substitute a named Defendant in place of the previously designated John/Jane Doe Defendant is likewise denied as moot. (*See* Dkt. No. 41).

D.     **Instructions for Filing an Amended Complaint**

In light of Plaintiff's pro se status, Magistrate Judge Stewart noted that "it may be appropriate to permit Plaintiff to amend his complaint as to the individual Defendants." (Dkt.

---

[6] Because Plaintiff has no protected liberty interest in being free from special conditions of his parole, the Court does not reach Plaintiff's due process arguments. (*See* Dkt. No. 37, at 3-7).

[7] The Court notes that, in any event, the *Younger* abstention doctrine would almost certainly require abstention with respect to Plaintiff's claim for injunctive relief. Under this doctrine "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). The doctrine applies in ongoing state criminal prosecutions, and courts have held that proceedings "stemming from [a] parole revocation hearing[ ] are sufficiently 'akin to criminal proceedings[']  to warrant abstention under the Younger doctrine." *See Kelsey v. Rosa*, No. 24-cv-05179, 2025 WL 1779100, at *4, 2025 U.S. Dist. LEXIS 124326, at *8 (S.D.N.Y. June 27, 2025) (citation omitted); *Brickhouse v. DuBois*, No. 20-cv-4759, 2020 WL 4676476, at *3, 2020 U.S. Dist. LEXIS 144416, at *7 (S.D.N.Y. Aug. 11, 2020) ("As Plaintiff's ongoing parole revocation proceedings are akin to a criminal prosecution, *Younger* abstention is warranted in this case.").

No. 31, at 8). Although it does not appear likely that the Plaintiff has a cause of action, the Court will allow Plaintiff an opportunity to file an amended complaint as to the individual Defendants within thirty (30) days from the date of this Order. Any amended complaint will entirely replace the existing complaint and must be a wholly integrated and complete pleading not combined with any other document. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). It also must not rely upon or incorporate by reference any pleading or document previously filed with the Court, including the existing complaint. Instead, the amended complaint itself must contain all the specific factual allegations Plaintiff wishes the Court to consider.

### IV.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 31) is **ADOPTED** in its entirety, as set forth above; and it is further

**ORDERED** that Plaintiff's claims against the New York State Department of Corrections and Community Supervision are **DISMISSED without prejudice, but without leave to amend**, and it is further

**ORDERED** that Plaintiff's remaining claims are **DISMISSED without prejudice**, and with leave to amend; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the Clerk is directed to enter judgment without further order of the Court; and it is further

**ORDERED** that Plaintiff's Motion for Declaratory and Preliminary Injunction (Dkt. No. 3); Emergency Ex Parte Motion (Dkt. No. 4), Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 5), Emergency Motion for Temporary Restraining Order (Dkt.

No. 9), Emergency Motion/Notice of Custody (Dkt. No. 19), and Motion to Amend Caption (Dkt. No. 41) are **DENIED** as moot, and it is further

    **ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal at this stage of the proceedings would not be taken in good faith; and it is further

    **ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

    **IT IS SO ORDERED.**

Dated: February 10, 2026
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge